# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Caroline Pezzarosi,<br>    4408 1st Pl., NE #32<br>    Washington, DC 20011 | ( | |
|        Plaintiff, | ( | |
| v. | ( | Civil Action No. _____ |
| Michael J. Astrue,<br>    COMMISSIONER OF THE SOCIAL<br>      SECURITY ADMINISTRATION,<br>    6401 Security Boulevard<br>    Room 617 Altmeyer<br>    Attn: Executive Operations Staff<br>    Baltimore, MD 21235 | ( | |
|        Defendant | ( | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
## AND PETITION FOR WRIT OF MANDAMUS

### NATURE OF ACTION

1. This is an action seeking judicial review under the Administrative Procedure Act, 5

U.S.C. § 701, et. seq., under the Social Security Act, 42 U.S.C. §§201 and 401, et seq.,

and by Civil action for deprivation of rights by the Social Security Administration

("SSA") 42 U.S.C. § 1983.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction over this action is conferred by 28 U.S.C. § 1331, 42 U.S.C.

§§201 and 401, et seq., and 42 U.S.C. §1983. This action presents federal questions pursuant to the Administrative Procedure Act, 5 U.S.C. § 701, et. seq , 42 U.S.C. §§201 and 401, et seq., and 42 U.S.C. § 1983. This Court has personal jurisdiction over the parties pursuant to 5 U.S.C. § 702, 42 U.S.C. §§201 and 401, et seq., and 42 U.S.C. § 1983.

3. Venue lies in this district under 28 U.S.C. § 1391(e), 42 U.S.C. §§201 and 401, et seq., and 42 U.S.C. § 1983.

## PARTIES

4. Plaintiff Caroline Pezzarosi is a claimant for benefits before the SSA.

5. Defendant Michael J. Astrue is the Commissioner of SSA, and is a named defendant in her official capacity.

6. Defendant, SSA, is the United States government agency that Plaintiff was awarded past due benefits.

## FACTUAL ALLEGATIONS

7. On or about November 13, 2006, Plaintiff, a recipient of Social Security Disability Insurance, was informed by SSA that she was earning too much money (as a student worker at her university) to receive SSA benefits and that she had been overpaid SSA benefits.

8. Plaintiff timely appealed this notice and also asked for a waiver from overpayment.

9. On or about December 5, 2007, SSA held a conference regarding Plaintiff in Washington, DC: The letter was dated November 30, 2007, and postmarked December 4, 2007.

Plaintiff was living in Miami, FL at the time. Plaintiff had sent SSA notice of her move prior to the mailing of said notice. Plaintiff received the notice several days after the hearing. Hense, Plaintiff was unable to attend the Hearing.

10. On or about March 13, 2008, Plaintiff had a scheduled meeting with SSA to discuss her case. Plaintiff arrived at the proper location and time. SSA had to cancel the meeting because it failed to provide an interpreter for Plaintiff per her request – Plaintiff is hearing impaired.

11. SSA ruled against Plaintiff.

12. Plaintiff timely appealed this decision.

13. On or about August 17, 2008, Plaintiff informed SSA that she was moving back to Washington, DC.

14. On or about summer, Plaintiff's counsel had been informed that her SSA file was missing. Counsel instructed the SSA to find the file and track where it had been or where it was lost. Counsel asked what means the SSA was taking to protect Plaintiff's personal information. To this date, parties have not received an answer.

15. On or about Autumn 2009, SSA informed Plaintiff's counsel that a hearing order setting the date of the hearing would be made by end of October 2009. To this date, parties have not received said order.

16. Plaintiff has not been able to secure a home loan due to the collection action take upon Plaintiff by the SSA during this appeals process.

17. On or about October 21, 2009, the overpayment has been doubled. SSA has not informed Plaintiff why this occurred.

## FIRST CLAIM FOR RELIEF
## ADMINISTRATIVE PROCEDURE ACT

18. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above, as it fully set forth herein.

19. Plaintiff asserts that the SSA has acted "arbitrarily and capriciously" for its failures to resolve lines 13 through 17 in a reasonable time.


## SECOND CLAIM FOR RELIEF
## CIVIL ACTION FOR DEPRIVATION OF RIGHTS

20. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 19 above, as it fully set forth herein.

21. Plaintiff asserts that the SSA has acted contrary to 42 U.S.C. § 1983 by its failures to resolve lines 13 through 17 in a reasonable time.


## THIRD CLAIM FOR RELIEF
## SOCIAL SECURITY ACT

22. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above, as it fully set forth herein.

23. Plaintiff asserts that contrary to the Social Security Act, 42 U.S.C. §§201 and 401, et seq., the SSA has failed to resolve lines 13 through 17 in a reasonable time.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Caroline Pezzarosi prays this Court to enter judgment in favor of the Plaintiff as follows:

24. Holding the Agency's actions described above as arbitrary and capricious.

25. Holding the Agency's actions described above as violating Plaintiff of her rights.

26. Holding the Agency failed to act in a timely manner regarding the actions described above contrary to the Social Security Act.

27. Ordering SSA to make a hearing date within one month of the Judge's Order. In the alternative, waive the alleged overpayment.

28. Ordering SSA to correct her credit report within one month of the Judge's Order.

29. Ordering a penalty against the SSA payable to Plaintiff if it does not correct Plaintiff's credit report within one month of the Judge's Order.

30. Ordering SSA to pay for her lifetime, costs for Plaintiff to monitory her credit report.

31. Awarding Plaintiff TEN MILLION DOLLARS ($10,000,000.00) compensatory and punitive damages due to the Agency's aforementioned failures.

32. Awarding Plaintiff her costs and attorneys fees; including Equal Access to Justice Act fees and filing costs.

33. Retaining jurisdiction of this action to ensure compliance with the Court's decree.

34. Granting such other relief as the Court deems just and proper.


Respectively Submitted,

Michael D.J. Eisenberg
DC Bar Number: 486251
700 12th Street, NW, Suite 700
Washington, DC 20005
O: (202) 558-6371/F: (202) 403-3430
michael@eisenberg-lawoffice.com
Counsel for Plaintiff, Caroline Pezzarosi